## INDUSTRIAL COMMISSION v MIDDLETON

Ohio Appeals, 2nd Dist, Greene Cc

No 348. Decided Oct 28, 1931

Gilbert Bettman, Attorney General, R. R. Zurmehly, Special Counsel, Columbus, for plaintiff in error.

Marcus McCallister, Prosecuting Attorney, Xenia, for defendant in error.

**ALLREAD, J.**

The principal question here is whether he received the injury resulting in Bell's Palsy in the course of his employment. Two witnesses produced on the trial, Dr. Harold Messenger and Dr. Yoder, testified that, in their opinion, the injury was the direct result of the conditions under which he worked. Dr. Messenger, on page 3 of the record, testifies that:

"After eliminating all the etiological factors, it was my opinion it (the injury) was brought on by exposure to cold and heavy work."

Dr. Yoder, on page 8, says:

"A. I think it was due to the exposure and to strenuous work and to his getting chilled, that is, getting chilled and then the muscles of his neck, and chest, those muscles involved in the supporting in hard work would be put at strain at the time under those conditions along with the change of weather, cooling off and getting hot, would necessarily produce a peripheral irritation to the seventh cranial nerve and would subject him to this facial paralysis."

There is other testimony also tending to prove that the injury to Middleton was the result of his employment. Two cases in Ohio are cited, one supporting the claim that an injury received from what is known as an "Act of God" is not recoverable in a workmen's compensation case unless it appears that the workman was at the time engaged in service of his employer. **Slanina v Industrial Commission, 117 Oh St, 329.** Judge Day, who wrote the opinion in that case, says, on page 331:

"The fact that the injury was caused by the 'Act of God' does not, however, necessarily deprive the injured party of the right to recover , under the Workmen's Compensation Act if the employer's duty exposed him to some special danger not common to the public."

The case there hung upon the question as to whether the injured employee connected the injury with some special danger, not common to the public.

In the more recent case of **Industrial Commission v Hampton, 123 Oh St 500,** it was held that where an injured employee is injured by the 'Act of God' he can recover if at the time he was employed in the yards of his employer and,

"On the approach of a violent storm, he entered the warehouse for shelter, and the warehouse was blown down and heavy materials fell upon him causing his death."

We cannot escape the conclusion that the facts in the case at bar bring the Workmen's Compensation case within the principal of the Hampton decision of the Supreme Court. Here the workman was actually engaged in the service of his master and because of the stress of weather and the method employed in transporting the men to their work, together with the nature of the work, caused the injury. The cause included the weather conditions and the service of the workman in his employment.

We, therefore, reach the conclusion that the judgment of the lower court in favor of the claimant was proper.

Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.